# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PALMYRA GONZALES,

        Plaintiff,

vs.                                                                    No. CIV-04-0003 JC/LAM

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of two documents, styled *Plaintiff's Response to Removal and Request for Remand to State District Court*, filed January 30, 2004 (*Doc. 9*) and *Additional Response to Removal and Request for Remand to State District Court*, filed April 2, 2004 (*Doc. 18*)[1]. In order to expeditiously resolve the clear legal issue presented here without additional briefing, the Court will consider the documents to be a motion to remand and a supplemental motion to remand (collectively "Motions") and will refer to the individual documents as "Motion" and "Supplement" respectively. Having considered the Motions, the parties' submissions, all relevant authority, and being otherwise fully advised, the Court finds the Motions not well-taken and they are, therefore, DENIED.

---

[1] Judge Martinez instructed Plaintiff's counsel in the pretrial conference that the procedurally proper way to challenge subject matter jurisdiction is the filing of a motion to remand. Perhaps counsel did not hear her.

**I.      Background**

Plaintiff[2] was a passenger aboard an Amtrak train on December 28, 2000. At approximately 5:00 p.m. on that date, Plaintiff was standing at a refreshment cart located in the train's dining car. Plaintiff contends that as she reached for a piece of fruit on the cart, the train lurched, she lost her balance, and she fell down a stairwell from the second level of the train to the first level, sustaining multiple injuries.

On December 3, 2003, Plaintiff filed a complaint in the Twelfth Judicial District, County of Otero, State of New Mexico, alleging negligence on the part of Amtrak based on its placement of the refreshment cart and failure to provide adequate safeguards for Plaintiff as passenger. On January 5, 2004, Defendant filed its timely Notice of Removal in this Court (*Doc. 1*), asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1349, 1441, and 1446. In support of removal, Defendant asserts that Amtrak was created by an Act of Congress and that more than fifty percent of the Capitol stock in Amtrak is owned by the United States, which facts together confer federal jurisdiction under 28 U.S.C. §§ 1331 and 1349. Defendant further asserts in its Notice of Removal that diversity jurisdiction might also be properly asserted under 28 U.S.C. § 1332, but Defendant does not base removal upon diversity. Plaintiff presently moves the Court to remand the case for lack of subject matter jurisdiction. Defendant challenges Plaintiff's Motions as non-conforming and frivolous, requesting denial of the Motions and an award of its costs and fees incurred in responding to the Supplemental Motion.

---

[2]The Court notes that Plaintiff is now deceased and the action is presently being pursued by her estate.

**II.     Discussion**

Plaintiff's counsel in this matter exhibits a misapprehension of the applicable law in arguing, as he does, that jurisdiction is lacking in this Court because Plaintiff's Complaint states claims only under state law. The Court need not, as Plaintiff contends, "go beyond the scope of the complaint in order to find a federal question" in this case. Supp. at 5. Instead, as discussed briefly below, two undisputed facts taken together, both of which are stated plainly in Defendant's Notice of Removal and are reiterated as fact in Plaintiff's Motion and Supplement, clearly establish that subject matter jurisdiction over this controversy is proper in this Court.

First, Defendant Amtrak is a corporation created by an Act of Congress. 45 U.S.C. § 501, *et seq.* (codified at 49 U.S.C. § 24301, *et seq.*). Of that first fact, the Court takes judicial notice. Second, more than fifty percent of the capital stock of Amtrak is owned by the United States. Resp., Ex. B. On these combined facts, as Defendant correctly argues, courts have routinely held that federal jurisdiction exists under 28 U.S.C. § 1331. *See, e.g., Union Pacific R.R. Removal Cases*, 115 U.S. 1 (1885); *Alista v. National R.R. Passenger Corp.*, 315 F.3d 756, 758, n.1 (7th Cir. 2002) ("federal courts have jurisdiction over all cases involving Amtrak, regardless of the cause of action."); *see also Lebron v. Nation R.R. Passenger Corp.*, 513 U.S. 374, 400 (1995) ("[W]here as here the Government creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of that corporation's board of directors, the corporation is part of the Government for purposes of the First Amendment."); *Chiwewe v. Burlington Northern & Santa Fe Railway Co.*, 239 F. Supp. 2d 1213 (D.N.M. 2002) (rejecting a claim that Amtrak was subject to suit in tribal court and, in so doing, noting its prior holding that "there is federal question jurisdiction over the claims against Defendant Amtrak.").

III. **Conclusion**

In the face of overwhelming authority contrary to her position, Plaintiff filed these Motions requesting remand and offering no germane authority in support of her request. The Court finds jurisdiction proper in this Court and thus will deny Plaintiff's Motions. The Court will, however, also decline Defendant's request for an award of costs and fees associated with responding to Plaintiff's Supplemental Motion, as Defendant itself admits that the two Motions filed "appear to be identical except for their conclusions." Resp. at 2. Accordingly, no additional costs or fees should be attributable to the portion of Defendant's single Response dealing with issues raised in the Supplement.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff's Response to Removal and Request for Remand to State District Court*, filed January 30, 2004 (*Doc. 9*) and Plaintiff's *Additional Response to Removal and Request for Remand to State District Court*, filed April 2, 2004 (*Doc. 18*) are DENIED.

DATED January 24, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    John R. Hakanson, Esq.
    Jearl R. Lindley, Esq.
    Hakanson and Pruett, P.C.
    Alamogordo, New Mexico

Counsel for Defendant:

>Tim L. Fields, Esq.
>Earl E. DeBrine, Jr., Esq.
>Modrall, Sperling, Roel, Harris & Sisk, P.A.
>Albuquerque, New Mexico